Nathan R. Sobel, J.
Petitioner is now confined in Matteawan State Hospital awaiting sentence. In this petition he requests that his plea of guilty to assault third degree of April 26, 1960 be vacated and set aside.
The crime was committed August 1, 1959. Defendant was arraigned on the indictment October 1, 1959. He was bailed November 4, 1959. When the case appeared on the calendar, the court was advised that the defendant had been civilly committed to Kings County Hospital. From there he was transferred to Pilgrim State Hospital where he remained until March 15, 1960 when he was discharged as recovered.
He appeared in court with counsel on April 26, 1960 and pleaded guilty to assault third degree to cover a charge of rape upon his aunt with Avhom he was living. He was then 29 years of age. His aunt was 37. The act was committed while defendant was in a drunken state. He had never before been arrested.
Within a few days after his plea, the authorities at the jail transferred him to Kings County Hospital. The hospital requested a formal commitment which was issued on June 13, 1960. On June 22, 1960 the Kings County Hospital reported that the defendant was insane.
On July 14, 1960 his counsel in the defendant’s presence moved to confirm the report. Without objection from the District Attorney the report was confirmed and the defendant committed to Matteawan. He has remained there since that *671 day, a period of two years and eight months. In all the defendant has been confined for a period of over three years.
On the facts petitioner is entitled to have the plea vacated. In the alternative the matter may be disposed of by virtue of the provisions of the second paragraph of section 662-b of the Code of Criminal Procedure. That provision permits the court with the consent of the District Attorney to dismiss the proceedings against any defendant confined in Matteawan for more than two years.
The correction authorities are given the discretion to (a) retain the defendant as a civil patient pursuant to section 409 of the Correction Law, (b) transfer him to another civil institution under the Mental Hygiene Department, or (c) if the authorities believe he is reasonably safe at large discharge him to any relatives or friends who are able and willing to maintain him without further public charge.
The District Attorney will please either file such consent or appear at a hearing March 20, 1963 to show cause why such consent is not filed.